Virginia Leet and Doren C. Crook, Plaintiffs-Appellants,
v.
Michael J. Guy, Defendant-Third-Party Plaintiff-Respondent,
v.
Gary Koopman, Tim Koopman, John Koopman, Donna Koopman, Stanley Koopman, William Koopman, Curt Koopman, Henry Koopman, Ruth Johnson, Donald Schlaver, Evelyn Herrman, Anita Steinke, Kenneth Schlaver, Eileen Arndt, Gerald Schlaver, Fay Schlaver, Ray Dethart, Leona Krismer, Betty Schlaver and Jim Schlaver, Third-Party Defendants.
No. 03-3553.
Court of Appeals of Wisconsin.
Opinion Filed: January 13, 2005.
Before Deininger, P.J., Lundsten and Higginbotham, JJ.
¶1 PER CURIAM.
Virginia Leet and Doren Crook appeal a judgment dismissing their prescriptive easement complaint. They also appeal an order denying their postjudgment motions. We affirm.
¶2 Leet and Crook sued Michael Guy, seeking a prescriptive easement over certain lands, namely, the south 1.5 rods of certain parcels. The complaint alleged that the legal description of their own parcels excludes the south 1.5 rods. They alleged that title to the south 1.5 rods remained in the names of Otto Schlaver and August Schlaver pursuant to a 1902 conveyance. They further alleged that Guy, owner of a parcel adjacent to the south 1.5 rods, constructed a fence preventing plaintiffs' passage across the lands, and had orally informed Leet that she cannot use the lands.
¶3 Guy then filed a third-party complaint against the known descendants and heirs of the Schlavers seeking to quiet title for the south 1.5 rods. Guy submitted a series of stipulations and waivers of interest from those defendants, and moved for "partial summary judgment" on the third-party complaint. Leet and Crook did not oppose the motion, and the court granted "partial summary judgment" declaring Guy the owner of the south 1.5 rods.
¶4 The plaintiffs substituted counsel before trial. The case was tried to the court on the plaintiffs' prescriptive easement theory. The court found against them on the ground that they failed to prove their use of the lands was hostile or adverse. The plaintiffs filed two postjudgment motions, one for reconsideration of the decision at trial, and the other to vacate the earlier "partial summary judgment" under WIS. STAT. § 806.07 (2003-04).[1] The brief and affidavits in support of the latter motion argued that the plaintiffs had acquired evidence that they themselves already own the south 1.5 rods. They alleged that their second lawyer had hired a surveyor who determined that the south 1.5 rods actually are within the legal description of the plaintiffs' parcels, contrary to the allegation in their own complaint. The motion sought to vacate the "partial summary judgment" due to their first counsel's "ineffective presentation of the case" in failing to contest the issue. The court denied the motions, and the plaintiffs now appeal.
¶5 The appellants first argue that the court erred by denying their motion to vacate the "partial summary judgment." We have used that term in quotations because the judgment was not partial. Plaintiffs Leet and Crook were not defendants in Guy's quiet title action, presumably because their own complaint alleged that they did not have an ownership interest in the south 1.5 rods. Therefore, as to the third-party claim filed by Guy against the third-party defendants, the summary judgment decision granted all the relief sought, and terminated litigation on that claim. That decision was the final judgment in that litigation.
¶6 The appellants' argument for vacating the summary judgment order is unclear as to precisely what relief they are seeking. The conclusion of their brief argues that if the order is set aside, it is clear that the appellants should prevail on the question of whether they established a prescriptive easement. We do not understand this argument. If the appellants intend to argue that Guy does not own the land, then there is no defendant in the present action for the appellants to establish an easement against. Furthermore, because the appellants are now asserting that they themselves own the land, they appear to be suggesting that they would continue to pursue an easement claim against themselves.
¶7 Later in their conclusion, the appellants state that they have established conclusively that the land in question is their own. Thus, it appears that the relief the appellants ultimately hope to obtain in this action is a declaration of their ownership, presumably followed by an order directing Guy to remove the fence and otherwise cease interference in their use of their land. The plaintiffs could conceivably reach that result by moving to vacate the judgment dismissing their complaint against Guy, and then seeking to amend their complaint to allege a quiet title, trespass, or other action against him. However, as the record before us now stands, the plaintiffs have not moved to vacate the dismissal judgment on this theory. Because no such motion has been filed, and no circuit court decision has been made, there is nothing for us to review on the discretionary question of reopening the judgment dismissing the complaint against Guy under WIS. STAT. § 806.07. Therefore, we do not address the merits of that question.
¶8 Instead, we turn to analyzing the motion under WIS. STAT. § 806.07 that was actually filed, which was to vacate the order granting summary judgment on Guy's third-party complaint against the Schlaver heirs. The terms of the statute allow the court to relieve "a party or legal representative" from the order. The first problem we face here is that the plaintiffs were not parties to the third-party claim, and were therefore not parties to the relief granted in the summary judgment order. It may be that the plaintiffs can overcome this apparent obstacle by moving to intervene as third-party defendants, and then moving to vacate the order. However, they have not done so, and therefore we question whether the plaintiffs have standing to challenge the summary judgment order.
¶9 Even if the plaintiffs somehow manage to get themselves in a proper position to file a motion to vacate, it is difficult to see in what sense vacating this order would result in relief to the plaintiffs. It cannot be argued that the summary judgment order is impeding their quest for a declaration of their ownership, because the order does not determine whether they own the south 1.5 rods; it only determines that, as between Guy and the Schlaver heirs, Guy is the owner. Rather, the chief obstacles to the plaintiffs' obtaining a declaration of their ownership are their own complaint, in which they alleged that they do not own the land, and perhaps the findings about ownership that the court made at trial.
¶10 Finally, we conclude that the motion was properly denied on the merits. The ground for the motion was that the plaintiffs' first lawyer failed to recognize the significance of the summary judgment motion to their case and to develop a defense to the motion, such as by obtaining a survey. A motion under WIS. STAT. § 806.07 must be filed within a reasonable time. Section 806.07(2). We conclude that this motion was not so filed.
¶11 The motion to vacate was based on a survey by Rodney Maxwell. Maxwell testified about the survey at trial, which means that the survey was conducted before trial. The motion leaves unexplained why plaintiffs' second counsel went to trial on a prescriptive easement theory, while apparently being in possession of a survey that is now claimed to show plaintiffs' ownership of the property they were seeking an easement over. The affidavit of plaintiff Doren Crook, submitted with the motion to vacate, avers that the file he obtained from first counsel to give to second counsel did not contain the summary judgment decision. This does not explain, however, why second counsel proceeded to trial on a prescriptive easement theory. Regardless of whether counsel knew about the summary judgment decision, a prescriptive easement theory was legally incompatible with what we are now told the survey found.
¶12 Therefore, the time to seek relief based on the survey was before trial. Parties do not act within a reasonable time if they first go to trial on one theory, and then later seek relief based on evidence in their possession at the time of trial that supports an inconsistent theory. This would constitute an inexcusable waste of judicial resources and is the situation colloquially described as "getting two kicks at the cat."
¶13 The plaintiffs also filed a motion for reconsideration of the court's decision on the trial of the easement issue. The court denied that motion, and on appeal they argue the court erred. The plaintiffs' argument on this issue is also confusing. Appellants challenge the court's finding that they failed to prove their use of the road on the south 1.5 rods was hostile. The court stated the evidence showed the plaintiffs and their predecessors in title had used the road for well more than twenty years, but failed to show that the use was ever hostile or adverse, until recently. The court stated that the only reasonable inference is that the use was "either indulged or expressly permitted at its inception and continued to be permissive until a recent falling out between the parties."
¶14 Plaintiffs appear to argue that they were unable to show their use was hostile because, before the 2002 summary judgment decision, it was not clear that Guy had title to the land. Recall, the plaintiffs had alleged that title remained in the name of the Schlavers or their heirs. In other words, because the plaintiffs did not know who owned the land at the time they were using it, they claim that they did not know to whom they should demonstrate that their use was hostile. However, if the plaintiffs' predecessors were "indulged or expressly permitted" to use the land, and the plaintiffs continued that character of use, it does not matter whether the plaintiffs knew who the current owner was. They simply believed that they did not own the land, and that whoever owned it did not object to their use. This is not sufficient to show hostile use.
By the Court.  Judgment and order affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.